IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| 1. Jeremy Acala ) | |
| 2. Nathan Anderson ) | |
| 3. Allen Anstee ) | |
| 4. Mark Arriaga ) | |
| 5. Melissa Ash ) | |
| 6. Stephen Avery ) | |
| 7. Alexander Azcuy ) | |
| 8. Maria Barallardos ) | |
| 9. Benedict Bebber ) | |
| 10. Tyler Belec ) | Case No. 21-1396 C |
| 11. Cole Benner ) | (Judge _____ ) |
| 12. Kelly Bennett ) | **Class Action** |
| 13. Kenneth Bradley ) | |
| 14. Joshua Breland ) | |
| 15. Ryder Burpo ) | |
| 16. Sara Choi ) | |
| 17. Corey Clark ) | |
| 18. Derek Condon ) | |
| 19. Timothy Crabtree ) | |
| 20. Brett Crooks ) | |
| 21. David Crutcher ) | |
| 22. Eduardo Cruz ) | |

23. Sarah Cummings )
)
24. Craig DeLeon )
)
25. Terri Demarest )
)
26. Jordan Detter )
)
27. Matthew DiCarlo )
)
28. Dean Duprey )
)
29. Eric Elliott )
)
30. Jonathan Erickson )
)
31. Ryan Finn )
)
32. Benjamin Garnett )
)
33. Barry Gatza )
)
34. Kaitlyn Gombar )
)
35. Lyndsay Goschke )
)
36. Devan Greuel )
)
37. Matthew Guidera )
)
38. Jason Hayn )
)
39. John Heaton )
)
40. David Hohn )
)
41. Steffie Hood )
)
42. Jeremy Hudson )
)
43. Matthew Hudson )
)
44. Adam Humeniak )
)
45. Andrew Jacob )
)

46. Joanna Jaronski )
)
47. Joseph Jarvis )
)
48. Cole Jones )
)
49. Lindsey Kennedy )
)
50. Daniel Kolodziej )
)
51. Austin Koval )
)
52. Jarad Larsen )
)
53. Daniel Leal )
)
54. Zachary Loken )
)
55. Ian MacLean )
)
56. Robert Manning )
)
57. Jacob Marquis )
)
58. Patrick Martin )
)
59. Thomas Marzolino )
)
60. Spiros Mavronas )
)
61. Kevin McLinden )
)
62. Kyle Medvetz )
)
63. Matthew Morris )
)
64. Victor Mota )
)
65. Zachary Neefe )
)
66. Roman Nepomnashi )
)
67. Stephen O'Brien )
)
68. Scott Orlinski )
)

| | |
|---|---|
| 69. Joshua Otey | ) |
| | ) |
| 70. Christopher O'Toole | ) |
| | ) |
| 71. Blake Ouzounian | ) |
| | ) |
| 72. Christopher Page | ) |
| | ) |
| 73. Grant Permenter | ) |
| | ) |
| 74. Nicholas Pisani | ) |
| | ) |
| 75. Ehab Rahman | ) |
| | ) |
| 76. Jonatan Ramos | ) |
| | ) |
| 77. Mario Renteria | ) |
| | ) |
| 78. Shane Rogers | ) |
| | ) |
| 79. Shenen Rose | ) |
| | ) |
| 80. Christopher Ruch | ) |
| | ) |
| 81. Charlie Ruiz | ) |
| | ) |
| 82. Phillip Sangster | ) |
| | ) |
| 83. Shen Shao | ) |
| | ) |
| 84. Matthew Silverman | ) |
| | ) |
| 85. Brian Smith | ) |
| | ) |
| 86. Megan So | ) |
| | ) |
| 87. David Spitzer | ) |
| | ) |
| 88. Christopher Stantzos | ) |
| | ) |
| 89. Thomas Strode | ) |
| | ) |
| 90. Brett Taggart | ) |
| | ) |
| 91. Timothy Thiel | ) |

| | |
|---|---|
| 92. Matthew Totten | ) |
| | ) |
| 93. Angela Trotter | ) |
| | ) |
| 94. Eric Urgo | ) |
| | ) |
| 95. Steven Vezos | ) |
| | ) |
| 96. Trace Way | ) |
| | ) |
| 97. Clay Wildt | ) |
| | ) |
| 98. Matthew Wooten | ) |
| | ) |
| 99. Philip Worthy | ) |
| | ) |
| PLAINTIFFS, | ) |
| | ) |
| On behalf of themselves and all others similarly situated, | ) |
| | ) |
| vs. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Now comes Representative Plaintiffs, Ehab Rahman and Clay Wildt and the other above-named Plaintiffs on behalf of themselves and all others similarly situated, allege and state the following:

## INTRODUCTION

1. At all times material herein, the Plaintiffs are and have been employees of the Defendant United States of America and its public agencies working in the position of Criminal Investigator. Within the last six (6) years and continuing and ongoing plaintiffs have worked regularly scheduled overtime hours at a Federal Law Enforcement Training Center ("FLETC")

5

without compensation in violation of the Federal Employees Pay Act of 1945, as amended 5 U.S.C. §§ 5541-5546.

2. Plaintiffs bring this action on behalf of themselves and all similarly situated federal employee criminal investigators for a declaratory judgment, damages and other relief pursuant to 5 U.S.C. § 5542, 28 U.S.C. §§ 2201 and 2202, and 5 U.S.C. § 5596.

## JURISDICTION AND VENUE

3. The United States Court of Federal Claims has jurisdiction and venue over this action pursuant to 28 U.S.C. § 1491, 5 U.S.C. § 5542, 28 U.S.C. § 2501, 5 U.S.C. § 701 *et seq.*, 28 U.S.C. §§ 2201 and 2202, and 5 U.S.C. § 5596.

## PARTIES

4. Representative Plaintiff Ehab Rahman is an employee of Defendant United States of America pursuant to Title 5 of the United States Code. He is currently employed as a General Schedule Criminal Investigator for the Department of Homeland Security, Homeland Security Investigations, U.S. Immigration and Customs Enforcement in San Diego, California. Representative Plaintiff Rahman attended a Criminal Investigator training program at the FLETC located in Glynco, Georgia from August 31, 2020 through March 10, 2021. While attending the training program, Representative Plaintiff Rahman frequently performed eight (8) to ten (10) hours of work which was scheduled in advance and was on a day that was not contained as a part of his basic 40-hour administrative workweek.

5. Representative Plaintiff Clay Wildt is an employee of Defendant United States of America pursuant to Title 5 of the United States Code. He is currently employed as a General Schedule Criminal Investigator for the Department of Homeland Security, Homeland Security Investigations, U.S. Immigration and Customs Enforcement in Oakbrook Terrace, Illinois.

Representative Plaintiff Wildt attended a Criminal Investigator training program at the FLETC located in Glynco, Georgia from August 31, 2020 through March 10, 2021. While attending the training program, Representative Plaintiff Wildt frequently performed eight (8) to ten (10) hours of work which was scheduled in advance and was on a day that was not contained as a part of his basic 40-hour administrative workweek.

6. The additional Plaintiffs named in the caption are or have been employed by Defendant United States of America pursuant to Title 5 of the United States Code as Criminal Investigators at various federal agencies within the last six years and continuing to date. While working as Criminal Investigators within the last six (6) years, they have attended one or more training programs at one or more FLETC locations in Glynco, Georgia, Artesia, New Mexico, Charleston, South Carolina and Cheltenham, Maryland, and performed eight (8) to ten (10) hours of work that was scheduled in advance and that occurred on a day that was not contained as a part of their basic 40-hour administrative workweek.

7. The United States is named as a defendant pursuant to 28 U.S.C. § 1491.

## FACTS

8. FLETC serves as an interagency law enforcement training body for 105 different United States government federal law enforcement agencies.[1] FLETC is the Nation's largest provider of law enforcement training and provides training in areas common to all law enforcement officers, such as firearms, driving, tactics, investigations, and legal training. Partner agencies realize quantitative and qualitative benefits from this model, including the efficiencies inherent in shared services, higher quality training, and improved interoperability. FLETC's

---

[1] FED. LAW ENF'T TRAINING CTRS., CURRENT PARTICIPATING ORGANIZATIONS (2021), https://www.fletc.gov/current-participating-organizations (last visited: May 25, 2021).

mission is to train all those who protect the homeland, in how to do so while complying with state and federal laws. The FLETC's parent agency, the United States Department of Homeland Security, supervises its administrative and financial activities.

9. FLETC provides law enforcement training to Criminal Investigators on an interagency basis that fulfills criminal investigative training requirements necessary for responsible and competent job performance. Rather than being agency-specific, training addresses common knowledge, skills, and abilities that are expected of all investigators, including knowledge of federal laws. Criminal Investigators from multiple agencies attend FLETC trainings.[2]

10. When attending a training program at FLETC, Plaintiffs and all similarly situated Criminal Investigators were regularly scheduled to work six (6) days a week, with five (5) regularly scheduled days of eight (8) hours plus two (2) hours each day of availability and scheduled work, and eight (8) to ten (10) hours on an additional day that was not a day contained as part of the criminal investigator's basic 40-hour workweek. The additional day on which the Criminal Investigators were scheduled to work was not a day contained as a part of the investigator's basic 40-hour workweek. Plaintiffs and all similarly situated Criminal Investigators perform work on this additional day of training on a day not contained as a part of their basic 40 hour workweek, while at a FLETC. Plaintiffs and all similarly situated Criminal Investigators were scheduled to work this time in advance of their workweek.

---

[2] For example, attached hereto as Exhibit B is a class roster from a Criminal Investigator training program for July through September 2020. Criminal Investigators in attendance were employees from Immigration & Customs Enforcement - Homeland Security Investigation, the United States Postal Service Office of the Inspector General, the Bureau of Alcohol, Tobacco, Firearms and Explosives, Health and Human Services Office of the Inspector General and Social Security Administration Office of the Inspector General.

11. On training days, Plaintiffs' and all similarly situated Criminal Investigators' performed law enforcement work activities.

12. While attending training programs, Plaintiffs and similarly situated Criminal Investigators are paid at the GS-10 through GS-15 rate. In additional to this amount, Plaintiffs and similarly situated Criminal Investigators are entitled to receive Law Enforcement Availability Pay ("LEAP"), pursuant to 5 U.S.C. § 5545a, which is a 25% enhancement to their base salary to compensate them for any unscheduled overtime that is not a part of their basic 40-hour administrative workweek, and for the first two (2) hours of regularly scheduled overtime or availability to work overtime in excess of eight (8) hours occurring on a regularly scheduled workday during their basic 40-hour administrative workweek.

13. The LEAP statute "provide[s] premium pay to criminal investigators to ensure the availability of criminal investigators for unscheduled duty in excess of a 40-hour workweek based on the needs of an employing agency." *Id.* at § 5545a(b). The term "criminal investigator means a law enforcement officer as defined under section 5541(3)" who is required to possess certain attributes and perform certain actions delineated in the statute. 5 U.S.C. § 5545a (2); *see* 5 C.F.R. § 550.103 (defining criminal investigator). Plaintiffs and similarly situated individuals are all Criminal Investigators within the meaning of the LEAP Statute.

14. The LEAP statute also provides that "[a]vailability pay provided to a criminal investigator for such unscheduled duty shall be paid instead of premium pay provided by other provisions of this subchapter, **except premium pay for regularly scheduled overtime** work as provided under section 5542 [5 U.S.C. § 5542]" ("Title 5 Overtime") (emphasis added), except for the first two (2) hours of regularly scheduled overtime in excess of eight (8) hours occurring

9

on a regularly scheduled workday during the basic 40-hour administrative workweek. 5 U.S.C. § 5545a (c); 5 C.F.R. § 550.182.

15. The Title 5 Overtime provision provides that scheduled overtime work "[f]or full-time, part-time and intermittent tours of duty, hours of work officially ordered or approved in excess of 40 hours in an administrative workweek…, performed by an employee are overtime work and shall be paid for," at (1) an "amount equal to one and one-half times the hourly rate of basic pay of the employee" for employees whose basic pay is at a rate which does not exceed the minimum rate of basic pay for GS-10, or (2) "an amount equal to the greater of one and one-half times the hourly rate of the minimum rate of basic pay for GS-10… or the hourly rate of basic pay of the employee (including any applicable locality-based comparability payment under section 5304 or similar provision of law and any applicable special rate of pay under section 5305 or similar provision of law)" for law enforcement employees whose basic pay is at a rate which exceeds the minimum rate of basic pay for GS-10. 5 U.S.C. § 5542 (a)(4).

16. Because Plaintiffs and all similarly situated Criminal Investigators are paid at a basic rate of GS-10 or higher, and because the additional day of training for each workweek spent at FLETC training was not a part of their basic 40-hour administrative workweek and it was scheduled in advance of the workweek, they were entitled to regularly scheduled overtime compensation for the eight (8) to ten (10) hours spent working on the additional day of each workweek pursuant to the LEAP and Title 5 Overtime statutes at an amount equal to one and one-half times the hourly rate of the minimum rate of basic pay for GS-10, or the hourly rate of basic pay of the employee, whichever is greater, and inclusive of any applicable locality-based comparability payment under section 5304 or similar provision of law and any applicable special

rate of pay under section 5305 or similar provision of law. 5 U.S.C. § 5545a (c); 5 U.S.C. § 5542 (a)(4).

17. However, Plaintiffs and all similarly situated Criminal Investigators at FLETC were not paid *any* compensation for their regularly scheduled overtime on the additional day of their workweek that they worked, which was a day not contained as a part of their basic 40-hour workweek. FLETC supervisors and managers improperly told Plaintiffs and all similarly situated Criminal Investigators that they were not entitled to regularly scheduled overtime compensation on the additional workday because that worktime was compensated with LEAP.

18. Accordingly, within the last six years and continuing to date, and in violation of Title 5. 5 U.S.C. § 5545a; 5 U.S.C. § 5542.  5 C.F.R. §§ 550.181, 550.185, the Defendant has failed to provide regularly scheduled overtime compensation to Plaintiffs and all similarly situated Criminal Investigators for eight (8) to ten (10) hours of work or more  performed on the additional workday of each workweek that they worked that was not on a day contained as a part of their basic 40-hour workweek while at a FLETC location.

## CLASS ACTION ALLEGATIONS

19. Plaintiffs incorporate all preceding paragraphs as if fully stated herein.

20. Representative Plaintiffs Ehab Rahman and Clay Wildt bring this class action pursuant to Fed R. Civ. P. 23(a) and (b) on behalf of the following class (hereinafter: "Criminal Investigator Class"):

> All federal Criminal Investigators who from June 1, 2015, through the present and continuing and ongoing, attended a training program at Federal Law Enforcement Training Centers ("FLETC") and who performed work on a day not a part of the Investigator's basic 40-hour administrative workweek without receiving proper compensation at an amount equal to one and one-half times the hourly rate of the minimum rate of basic pay for GS-10, or the hourly rate of basic pay of the employee, whichever is greater, pursuant to 5 U.S.C. §§ 5542 and 5545a, and inclusive of  any applicable locality-based comparability payment under section 5304 or similar provision

of law and any applicable special rate of pay under section 5305 or similar provision of law.

21. Representative Plaintiffs Ehab Rahman and Clay Wildt are members of the Criminal Investigator Class they seek to represent.

22. The proposed members of the Criminal Investigator Class identified herein are so numerous that joinder of all members is impracticable. Only the Defendant's own records will reveal the actual number of federal employees who have attended FLETC training programs and performed uncompensated overtime work on the sixth day of each workweek, which is not a part of their basic 40-hour administrative workweek, within the last six (6) years and continuing to date. However, Plaintiffs are aware that the proposed class includes over 150 federal employees, and since Criminal Investigators who receive LEAP pay regularly participate in training at the various FLETC locations in the country – and have done so the past six (6) years – the class could exceed 40,000.[3]

23. Questions of law and fact are common to the Criminal Investigator Class, and these questions predominate over any questions that may affect only individual class members. Questions of law and fact that are common to all members of Criminal Investigator Class include: (1) the class members each attended law enforcement training at FLETC since June 1, 2015; (2) the class members performed work on days that were not a part of the member's basic 40-hour administrative workweek while attending a training program at FLETC; (3) the occasions on which the hours of work performed on days outside the class member's basic 40-hour administrative workweek were scheduled in advance; and (4) in violation of the law, the

---

[3] The U.S. Department of Labor, Bureau of Labor Statistics, Report of Occupational and Employment Wages for May 2020, estimates that there are 41,270 criminal investigators employed in the executive branch of the federal government. https://www.bls.gov/oes/current/oes333021.htm (last visited May 25, 2021).

defendant failed to compensate the class members for performing work on days that were not a part of the member's basic 40-hour workweek at an amount equal to one and one-half times the hourly rate of the minimum rate of basic pay for GS-10, or the hourly rate of basic pay of the employee, whichever is greater, and inclusive of any applicable locality-based comparability payment under section 5304 or similar provision of law and any applicable special rate of pay under section 5305 or similar provision of law.

24.  The claims of Representative Plaintiffs Ehab Rahman and Clay Wildt are typical of the claims of the Criminal Investigator Class. Specifically, like all members of the class, Plaintiffs attended training at FLETC within the last six (6) years; they performed work on days that were not a part of their basic 40-hour administrative workweek; these work hours were performed on days that were not a part of their basic 40-hour administrative workweek; they were scheduled in advance of the workweek; and, they were not paid for work hours performed on days that were not a part of their basic 40-hour administrative workweek at an amount equal to the greater of one and one-half times the hourly rate of the minimum rate of basic pay for GS-10, or the hourly rate of basic pay of the employee, whichever is greater, and inclusive of any applicable locality-based comparability payment under section 5304 or similar provision of law and any applicable special rate of pay under section 5305 or similar provision of law.

25.  Representative Plaintiffs Ehab Rahman and Clay Wildt will fairly and adequately represent and protect the interests of the members of the Criminal Investigator Class because: (1) they are willing and able to represent the proposed class and have every incentive to pursue this action to a successful conclusion; (2) their interests are not antagonistic to those of the other class members; and (3) they are represented by counsel experienced in litigating class actions involving federal employees.

26.     Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because the Defendant has acted or refused to act on grounds that apply generally to the class, so that final corresponding declaratory relief is appropriate respecting the class as a whole. Specifically, the Defendant has, within the last six (6) years, and continues to schedule in advance hours of work in on days that are not a part of the Criminal Investigators' basic 40-hour administrative workweek while attending training at FLETC, without compensating them at an amount equal to one and one-half times the hourly rate of the minimum rate of basic pay for GS-10, or the hourly rate of basic pay of the employee, whichever is greater, and inclusive of any applicable locality-based comparability payment under section 5304 or similar provision of law and any applicable special rate of pay under section 5305 or similar provision of law in violation of Title 5, 5 U.S.C. §§ 5542(a)(4).

27.     Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(3) because common questions of fact and law predominate over any questions affecting only individual members of the Criminal Investigator Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. The class members have been damaged and are entitled to recovery as a result of the Defendant's common practice of violating the plain mandate of the law by failing to compensate Plaintiffs correctly as a result of their performance of scheduled hours of work on days that are not a part of their basic 40-hour administrative workweek. Requiring each class member to pursue his or her claim individually would result in needless duplication of proof and would waste the resources of both the parties and the courts. Finally, monetary relief would be easily calculable for the financial injuries suffered by members of the Criminal Investigator Class, consisting of an amount equal to one and one-half times the hourly rate of the minimum rate of basic pay for GS-10, or the hourly rate

of basic pay of the employee, whichever is greater, and inclusive of any applicable locality-based comparability payment under section 5304 or similar provision of law and any applicable special rate of pay under section 5305 or similar provision of law, for all work on days that are not a part of their basic 40-hour administrative workweek while at FLETC.

## CLAIMS

### COUNT ONE – FAILURE TO COMPENSATE FOR REGULARLY SCHEDULED OVERTIME

28. Plaintiffs incorporate all preceding paragraphs as if fully stated herein.

29. The uncompensated work activities summarized above are, and have been, necessarily, primarily, and predominantly for Defendant's benefit and were scheduled in advance of their basic 40-hour administrative workweek by the Defendant.

30. The facts set forth above give rise to and support plaintiffs' claims that, within the last six (6) years and continuing to date, Defendant failed to compensate Plaintiffs and all others similarly situated at an amount equal to one and one-half times the hourly rate of the minimum rate of basic pay for GS-10, or the hourly rate of basic pay of the employee, whichever is greater, and inclusive of any applicable locality-based comparability payment under section 5304 or similar provision of law and any applicable special rate of pay under section 5305 or similar provision of law, for work hours that were or could have been scheduled in advance and that were performed on any day that is not a part of the Investigator's basic 40-hour administrative workweek while attending training programs at FLETC.

31. Within the last six (6) years and continuing to date, Defendant has known, or should have known, that it has not been properly paying Plaintiffs and all those similarly situated for regularly scheduled overtime work pursuant to Title 5 of the U.S. Code, as described above. 5 U.S.C. §§ 5541-5546.

32. Defendant's above-alleged violations of sections 5542 and 5545a of Title 5 of the U.S. Code are recurrent, willful and intentional.

33. As a consequence of Defendant's failure to pay Plaintiffs and all those similarly situated correctly under Title 5, Plaintiffs and all those similarly situated have been unlawfully deprived of compensation for regularly scheduled overtime work.

34. As a result of the Defendant's willful and purposeful violations of Title 5, there has become due and owing to each of the Plaintiffs and all those similarly situated various amounts which have not yet been precisely determined. The employment and work records for Plaintiffs and all those similarly situated are in the possession, custody and control of the Defendant and the Plaintiffs are unable to state at this time the exact amounts owing to each of them. Defendant is under a duty imposed by the Government Accounting Office retention schedule and various statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to Plaintiffs and all those similarly situated from which the amounts of Defendant's liability can be ascertained.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Court grant relief against Defendant as follows:

(a) Enter judgment declaring that the Defendant violated 5 U.S.C. §§ 5542 and 5545a by failing and refusing to properly compensate Plaintiffs and all similarly situated Criminal Investigators at an amount equal to one and one-half times the hourly rate of the minimum rate of basic pay for GS-10, or the hourly rate of basic pay of the employee, whichever is greater, and inclusive of any applicable locality-based comparability payment under section 5304 or similar provision of law and any applicable special rate of pay under section 5305 or similar provision of law, for overtime work hours that are scheduled in advance or could have been scheduled in

advance and that were performed on days that are not a part of their basic 40-hour administrative workweek while attending training programs at FLETC, in violation of Title 5, 5 U.S.C. §§ 5541-5546.

(b)     Certify a class consisting of all federal Criminal Investigators who, within the last six (6) years and continuing and ongoing, attended training at one of the Federal Law Enforcement Training Centers ("FLETC") and performed work that was scheduled in advance or could have been scheduled in advance on a day that was not a part of the Investigator's basic 40-hour administrative workweek without receiving proper compensation at an amount equal to one and one-half times the hourly rate of the minimum rate of basic pay for GS-10, or the hourly rate of basic pay of the employee, whichever is greater, pursuant to 5 U.S.C. §§ 5542 and 5545a and inclusive of any applicable locality-based comparability payment under section 5304 or similar provision of law and any applicable special rate of pay under section 5305 or similar provision of law;

(c)     Order a complete and accurate accounting of all the compensation to which Plaintiffs and all Criminal Investigator Class members are entitled;

(d)     Award each Plaintiffs and all Criminal Investigator Class members monetary damages in the form of backpay compensation plus interest;

(e)     Award Plaintiffs and all Criminal Investigator Class members their reasonable attorneys' fees to be paid by Defendant, and the costs of this action; and

(f)     Grant such other legal and equitable relief as may be just and proper.

Respectfully submitted,

*/s/ Gregory K. McGillivary*
Gregory K. McGillivary
McGILLIVARY STEELE ELKIN LLP
1101 Vermont Ave., N.W.
Suite 1000
Washington, DC  20005
Phone: (202) 833-8855
gkm@mselaborlaw.com

*Counsel of Record for Plaintiffs*


Sarah M. Block
McGILLIVARY STEELE ELKIN LLP
1101 Vermont Ave., N.W.
Suite 1000
Washington, DC  20005
Phone: (202) 833-8855
smb@mselaborlaw.com

*Of Counsel for Plaintiffs*